36380.  GLOBE INDEMNITY COMPANY *v.* HALL.

Decided November 27, 1956.

Burt De Rieux, Marshall, Greene & Neely, for plaintiff in error.
Daniel B. Clark, Nick Long, Jr., contra.

NICHOLS, J.  The evidence was uncontradicted that the plaintiff had suffered a condition known as "pelvic inflammation" prior to the time that the insurance policy was issued, and that this condition resulted from "treatment" received by her in the course of a test made to determine sterility.  The defendant's contention is that the failure of the plaintiff to inform it of this condition was a material misrepresentation that voided the policy.

In order for a misrepresentation to void an insurance policy the misrepresentation must be a material misrepresentation, a misrepresentation that effected a *substantial increase in the risk*. The question is not, "was the loss effected by the misrepresentation," but, "was the risk increased." See *Preston* v. *National Life & Accident Ins. Co., 196 Ga. 217* (26 S. E. 2d 439, 148 A. L. R. 897), and cases cited therein.

As was said in that case, "An issue as to material representation, like questions as to negligence, proximate cause, and similar matters, should ordinarily be submitted to the jury; yet, just as is also true in reference to the other issues mentioned, where the evidence as a whole excludes every reasonable inference but one, the court may so rule as a matter of law." P. 237. Therefore, the question now for decision is whether or not the "misrepresentation" was, as a matter of law, "material."

The defendant contends that the testimony of an underwriter for the agency that wrote the insurance policy, and the testimony of its claim examiner to the effect, "that the representation was a material one" is uncontradicted and therefore a finding that it *was material* is demanded.

Ordinarily such testimony, if objected to, is inadmissible. See *Metropolitan Life Ins. Co.* v. *Marshall, 65 Ga. App. 696, 705* (16 S. E. 2d 33), and cases cited; however, where such testimony is admitted without objection such evidence is not binding on the jury because it is merely a conclusion of the witnesses and the decision is still for the jury. See *Life &c. Ins. Co. of Tenn.* v. *Burkett, 38 Ga. App. 328, 336* (144 S. E. 29). In the present case Dr. A. E. Hauck testified that after a person who suffered from "pelvic inflammation" recovered from such condition, as it was shown that the plaintiff had done, she was not more likely to have trouble with her reproductive organs in the future than a woman was who had never had this trouble. Although this testimony was contradicted by the testimony of Dr. Guy L. Calk, a witness for the defendant, the testimony of Dr. Hauck was sufficient to authorize the jury to find that the misrepresentation to the insurer was *not a material misrepresentation* so as to void the policy. Therefore, the trial court did not err in denying the defendant's motion for a judgment non obstante veredicto.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*