## 52035. LaCOUNT v. UNITED INSURANCE COMPANY OF AMERICA.

EVANS, Judge.

This case involves a suit on a life insurance contract wherein United Insurance Company of America issued a policy of life insurance for $1,000 on the life of Mary W. LaCount on July 9, 1973, payable to her son, Harold, as beneficiary.

On January 31, 1974, while said policy was allegedly in full force and effect, insured died. The insurer refused to pay contending the insured had not disclosed in a written application certain information as to her previous physical condition and had the insurer known of the condition it would not have issued its policy.

Harold LaCount, the beneficiary, as plaintiff, sued the defendant, United Insurance Company of America, seeking the face amount of the policy ($1,000) plus $250, bad faith penalty, for failure to honor a legitimate claim and all reasonable and necessary attorney fees. Defendant denied liability on the claim, contending the policy was void because the applicant had received certain medical treatment unknown to it and had not disclosed this information in her application for insurance.

Defendant contended the insured had been treated prior to the application for a condition diagnosed by medical experts as a subdural hematoma. Defendant alleged same was responsible for the hospitalization immediately prior to her death and a contributing cause of the death of the deceased.

Based upon the affidavit of a doctor who treated the insured, and the vice-president and underwriter of the company, defendant moved for summary judgment. Plaintiff offered in opposition the affidavit of a medical expert. The motion was granted. Plaintiff appeals. *Held:*

1. Examination of the entire record fails to disclose an official certified or exemplified copy of the application for the insurance which allegedly contained certain information fatal to plaintiff's suit. There is a vague possible facsimile copy of such application which is either a poorly made Xerox or other type copy of the supposed application of Mary W. LaCount, but it is so illegible, vague and indefinite that it cannot be considered; nor is it attached to any affidavit or other proof that same is one and the same with the original application of the deceased.

2. A copy of the policy is attached to the petition of the plaintiff, but it does not contain any such application form as a part of the policy of insurance.

3. There are two opposing affidavits, one by plaintiff's medical expert and one by the defendant's, both of which create a swearing match as to whether or not the cause of death of deceased was due to a diagnosis made by one of these experts on June 28, 1972, that she was in the hospital with "a chronic subdural hematoma." Plaintiff's affidavit by a medical expert is also that of opinion testimony that there is no connection "between the subdural hematoma for which Mary LaCount was treated by Dr. Clary and the ruptured basilar artery aneurysm and pneumonia for which affiant treated Mrs. LaCount and which was the cause of her death."

4. There is also in the record a vague and indefinite Xerox or facsimile copy of a certificate of death. Upon attempting to read same, it cannot be determined as to the cause of death so as to create any presumption as to the plaintiff's cause of death.

5. In numerous summary judgment cases, both this court and the Supreme Court have held that opinion testimony of evidence by experts, although sufficient in a proper case to present a jury issue, is totally insufficient to authorize the grant of a summary judgment. See in this connection such cases as *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395); *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *General Motors Corp. v. Wilson,* 120 Ga. App. 156, 157 (169 SE2d 749).

6. Thomas H. Kinnaman, a vice president and underwriter of the defendant insurer, submitted his

affidavit in support of insurer's motion for summary judgment to the effect that if the true facts as to plaintiff's health had been known at the time of issuance of the policy, "he would not cause to be issued a policy." In other words, this officer of the insurer sought to prove by his own affidavit that the insurance company would not have issued the policy had the true facts been known to it.

But, unfortunately for defendant's position, the officer was not competent to make such an affidavit. See *Patterson v. Cotton States &c. Ins. Co.,* 221 Ga. 878, 881 (148 SE2d 320); *Globe Indem. Co. v. Hall,* 94 Ga. App. 628 (95 SE2d 759); *Metropolitan Life Ins. Co. v. Marshall,* 65 Ga. App. 696, 705 (16 SE2d 33); *Life & Cas. Ins. Co. v. Burkett,* 38 Ga. App. 328, 336 (144 SE 29). In all summary judgment affidavits, it must be shown that the affiant is competent to testify to the facts which he submits in his affidavit. See Code Ann. § 81A-156; *Textile Prod., Inc. v. Fitts Cotton, Inc.,* 124 Ga. App. 421, 422-423 (184 SE2d 14).

Thus, while the insurer seems to have thought it had proven its case, it fell far from doing so.

7. Whether or not facts were suppressed or falsely represented in the application and would have been deemed material in passing on the application and that the insurer would not have issued the policy had it known the truth in regard thereto and if such alleged misrepresentation was material remains for the jury to pass upon. See in this connection *Brown v. Mutual Life Ins. Co.,* 29 Ga. App. 794 (116 SE 559); *Life & Cas. Ins. Co. v. Burkett,* 38 Ga. App. 328, 336, supra; *Mutual Benefit Health &c. Assn. v. Bell,* 49 Ga. App. 640, 641, 652 (176 SE 124); *Metropolitan Life Ins. Co. v. Marshall,* 65 Ga. App. 696, 705, supra; *Globe Indemnity Co. v. Hall,* 94 Ga. App. 628, 629, supra.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur in the judgment only.*

ARGUED APRIL 8, 1976 — DECIDED APRIL 27, 1976.

*Michael J. Gannam, Sheffield Richey,* for appellant. *Falligant, Karsman, Kent & Toporek, Charles C.*

*Brooks,* for appellee.