61532. LIBERTY NATIONAL LIFE INSURANCE COMPANY v. HOUK.

DEEN, Presiding Judge.
1. An affidavit made in opposition to a motion for summary judgment should, under Code §§ 81A-156 (c) and 81A-106 (d), be served on the opposite party at least one day prior to hearing the motion. The court has a discretion to consider affidavits not so filed,

however, and his ruling on this issue will not be reversed unless there is an abuse of discretion. See *Gunter v. Nat. City Bank,* 239 Ga. 496 (238 SE2d 48) (1977); *T & W Farm Supply v. McCall,* 132 Ga. App. 613 (208 SE2d 622) (1974). The affidavit may be admitted without objection, the time of service may be waived, or the court may for some other reason find it in the interest of justice to consider the evidence. In the instant case, from the facts that the insured plaintiff tendered his affidavit without objection and the court thereafter denied the motion for summary judgment, it is clear that the affidavit was considered, this being the only evidence on his behalf.

Any language in *Malone v. Ottinger,* 118 Ga. App. 778 (165 SE2d 660) (1968), which may be construed as holding that in the absence of some *affirmative writing* in the record, an affidavit so tendered must be refused was disapproved in *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178) (1970). *Wakefield* refused to follow *Malone,* because *Malone* was a two-judge case and therefore not a binding precedent, and because there was no showing that objection had been made in the trial court or that harm had accrued to the opposite party as a result.

2. The insurer moved for summary judgment based on the contention that it was not liable because the sums sued for arose out of medical expenses for a pre-existing illness not mentioned in the plaintiff's application for insurance, which constituted a defense under Code § 56-2409 as a material misrepresentation made on the application. The movant cites in support of his motion *Jefferson Standard Life Ins. Co. v. Bridges,* 147 Ga. App. 5 (248 SE2d 5) (1978). In *Bridges* it appeared that the applicant did not give the agent the full facts about her husband's medical history and that the husband signed the document in the agent's absence, knowing that it contained false statements. An insurer is estopped from asserting misrepresentations as a defense where its agent, having been given true information, writes down false answers. Here Houk's affidavit swears that he did make a true statement to the agent, that the ailments for which his wife was treated after the issuance of the policy did not exist at the time of issuance of the policy and that, as to other treatment reported by the applicant, the agent who was filling out the form placed the "x" under the "no" answer, a fact of which the applicant was not aware when he signed the policy. The case accordingly presents a jury question under *Stillson v. Prudential Ins. Co.,* 202 Ga. 79 (42 SE2d 121) (1947). *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618 (174 SE2d 570) (1970), does not require a contrary decision for the reason that in the application there the agent did not make any *false* statements, although he did leave out certain vital information given to him. Here the checking of the "no" block

allegedly constituted a false statement, and the application contains no limitation on the agent's authority to waive a false answer written thereon. *Christian v. Allstate Ins. Co.,* 239 Ga. 850 (239 SE2d 328) (1977).

Construing the affidavits and policy here presented in favor of the plaintiff opposing the motion for summary judgment we find no error in the trial court's denial of the motion.

*Judgment affirmed. Banke and Carley, JJ., concur.*

Decided February 16, 1981 —

*William A. Turner, O. Wayne Ellerbee,* for appellant.
*Edward Parrish,* for appellee.