### 66440. HUGHEY et al. v. EMORY UNIVERSITY et al.

QUILLIAN, Presiding Judge.

This is an appeal from the grant of summary judgment to defendants in an action for wrongful death arising from medical malpractice. Appellants are the surviving husband and children of the decedent, Mrs. Sharon Hughey.

Mrs. Hughey had been an intermittent patient of Dr. Blumenthal for some years. Her last visit was on February 27, 1979, when Dr. Blumenthal gave her a prescription and arranged for gall bladder and upper gastro-intestinal (GI) X-rays at Crawford Long Hospital. The X-ray examination was conducted on March 1 and revealed no abnormalities. On March 12, 1979, Mrs. Hughey came to the emergency room of DeKalb General Hospital complaining of a "bubbly burning" sensation with epigastric and substernal chest discomfort radiating into both arms intermittently for the preceding three weeks. She reported awaking at night with a bitter taste in her mouth generally associated with regurgitation of gastric fluid. She indicated that she had had a recent normal gall bladder and upper GI X-ray series. Dr. Paustian examined the 26 year old Mrs. Hughey and found her to be obese and in no acute distress with slightly elevated blood pressure. Her chest was clear and heart sounds normal. Dr. Paustian diagnosed her condition as probable reflux esophagitis, prescribed medication and elevation of her head in bed, and told her to keep her next scheduled appointment with Dr. Blumenthal on March 16. Mrs. Hughey went to work on March 13 and 14 and appeared to be feeling alright. On March 15, Mrs. Hughey came home complaining of chest pain and was taken to the emergency room at Crawford Long Hospital, where she was examined by a Dr. Politsos. He also diagnosed her condition as gastritis and prescribed medication for it. He spoke to Dr. Blumenthal on the telephone concerning her and told her to keep her scheduled appointment with Dr. Blumenthal on the following day. Mrs. Hughey went home and died the next morning of an alleged myocardial infarction.

Plaintiff-appellants brought this action initially against Emory University d/b/a Crawford Long Hospital and later added as defendants Dr. Paustian; his employer, DeKalb Emergency Group; and Dr. Blumenthal. Emory University and Dr. Blumenthal were subsequently dismissed by plaintiff-appellants, leaving Dr. Paustian and DeKalb Emergency Group as defendants. The trial court granted these remaining defendants summary judgment. *Held:*

In support of their motion for summary judgment appellees filed the affidavit of Dr. Paustian, based on his personal knowledge, that his examination, diagnosis and treatment of Mrs. Hughey were

consistent with the standard of care in the medical profession generally under the same conditions and similar circumstances. Appellants countered with the affidavit of a Dr. Townsend which related that he had examined the following documents, all of which were filed in the case: The depositions of Drs. Paustian, Blumenthal and Politsos, as well as their affidavits; the medical records of DeKalb General Hospital of March 12, 1979 and of Crawford Long Hospital of March 15, 1979; the affidavit of Ms. Hughey's mother; and Mrs. Hughey's death certificate. Dr. Townsend opined, after studying the documents referred to, that Dr. Paustian had not exercised the degree of care and skill ordinarily possessed and exercised by members of the medical profession generally in treating Mrs. Hughey, specifically by failing to make an electrocardiogram.

Because the documents referred to in Dr. Townsend's affidavit were not attached to the affidavit, as required by OCGA § 9-11-56 (e) (Code Ann. § 81A-156), the trial court excluded the affidavit. We find this to be error.

Our ruling in *Jones v. Rodzewicz,* 165 Ga. App. 635, 637 (302 SE2d 402), a similar case, is applicable here: "An affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, provided that the affidavit clearly identifies the record matter upon which it is based."

Such a ruling is in the spirit of the Civil Practice Act to be "construed to secure the just, speedy, and inexpensive determination of every action" (OCGA § 9-11-1 (Code Ann. § 81A-101)) and is substantial compliance with the purpose of OCGA § 9-11-56 (e) (Code Ann. § 81A-156) of preventing surprise to the opposing party.

Accordingly, we find that the improperly excluded affidavit of Dr. Townsend was sufficient to raise a genuine issue of material fact and that the trial court erred in granting summary judgment to appellees. *Jones v. Rodzewicz,* 165 Ga. App. 635 (4), supra.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 6, 1983 —
REHEARING DENIED SEPTEMBER 30, 1983 — CERT. APPLIED FOR.

*Peter J. Krebs, Linda C. Krebs, Stuart Meyers, William F. Rucker,* for appellants.
*Hunter S. Allen, Jr., Simuel F. Doster, Jr.* for appellees.