## 66412. HAYES v. MURRAY et al.

POPE, Judge.

Individually and as executrix of her husband's estate, on March 10, 1980 appellant brought this medical malpractice action against the four physician-appellees seeking to recover medical and funeral expenses as well as for the wrongful death of her husband. Following discovery appellees' motions for summary judgment were filed on February 16 and March 5, 1982, along with each appellee's affidavit stating that each had exercised the requisite skill and care in the treatment of appellant's decedent. After the grant of extensions of time, on July 2, 1982 appellant's response to appellees' motions was filed together with the affidavit of her expert witness, Dr. Kleber. On September 30, 1982, more than one month after the hearing, appellant filed an amendment to Dr. Kleber's affidavit. By order dated February 8, 1983 the trial court declined to consider the

amendment, finding that it was neither timely filed nor served. Summary judgment was granted to each appellee based upon the insufficiency of Dr. Kleber's original affidavit. Appellant appeals.

Although an exhaustive list of errors is enumerated, the inquiry essentially centers upon two issues: (1) the trial court's refusal to allow appellant to amend Dr. Kleber's affidavit; and (2) the suf- ficiency of appellant's evidence to defeat appellees' motions for summary judgment.

1. " 'An affidavit made in opposition to a motion for summary judgment not served at least one day before the hearing is barred by the Civil Practice Act from consideration as evidence unless the record discloses the trial court, in the exercise of its discretion, has allowed the affidavit to be served and considered.' [Cit.]" *Talley v. City Tank Corp.,* 158 Ga. App. 130, 133 (279 SE2d 264) (1981). See OCGA §§ 9-11-6 (d) (Code Ann. § 81A-106) and 9-11-56 (c) (Code Ann. § 81A-156); *Dutton v. Dykes,* 159 Ga. App. 48 (1) (283 SE2d 28) (1981); *Liberty Nat. Life Ins. Co. v. Houk,* 157 Ga. App. 540 (1) (278 SE2d 120) (1981). Accordingly, the trial court is authorized to exercise that same discretion to decline consideration of an untimely amendment to an affidavit. On the facts of this case, we thus find no error in the trial court's refusal to allow the proferred amendment to Dr. Kleber's affidavit.

2. In a medical malpractice action "where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant." *Howard v. Walker,* 242 Ga. 406, 408 (249 SE2d 45) (1978). The defendant may act as his own expert witness in this regard by submitting an affidavit that his services were performed with the requisite degree of skill and care exercised in the medical profession generally. *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211) (1980); *Parker v. Knight,* 245 Ga. 782 (3) (267 SE2d 222) (1980).

Dr. Kleber's affidavit stated that his opinion was based upon a detailed review of the decedent's medical records. OCGA § 9-11-56 (e) (Code Ann. § 81A-156) requires that the affidavit must attach "[s]worn or certified copies of all papers or parts thereof referred to in [the] affidavit. . . ." No records were attached to Dr. Kleber's affidavit. However, this court recently held: "An affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, *provided that the affidavit clearly identifies the record matter upon which it is based.*" (Emphasis supplied.) *Jones v. Rodzewicz,* 165 Ga. App. 635, 637 (302

SE2d 402) (1983). Pretermitting the question of certification of the medical records in the record and any probative value they may have, we find Dr. Kleber's affidavit insufficient for the reason that it failed to identify the specific medical records upon which he based his opinion. Cf. *Hughey v. Emory Univ.,* 168 Ga. App. 239 (308 SE2d 558) (1983). As appellant failed to adduce the expert testimony essential in a medical malpractice action to counter appellees' affidavits and the record evidence is also insufficient to show a genuine issue of material fact, the trial court did not err in granting summary judgment to appellees.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 13, 1983 —
REHEARING DENIED NOVEMBER 29, 1983 — 

*J. Milton Grubbs, Jr., Adele P. Grubbs,* for appellant.
*Y. Kevin Williams, Terrance C. Sullivan,* for appellees.