67136. LOGAN v. AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA.

BANKE, Judge.

Kathy Logan brings this suit individually and in her capacity as administratrix of the estate of her deceased husband, Larry Logan, to recover the face amount of a credit life insurance policy issued by American Bankers Life Assurance Company of Florida, insuring the life of a Mr. Vernon L. Potts. This appeal is from an order granting summary judgment to American Bankers.

Mr. Potts purchased the credit life insurance policy in question in connection with his purchase of certain real property which he later sold to the Logans. Mr Potts' purchase of the property was financed in part by a second mortgage loan from MCC Financial Services, Inc., now known as Associates Financial Services of America, Inc. Through MCC, Potts successfully made application to

American Bankers for credit life insurance, and MCC paid American Bankers the entire premium of $2,727.27 in a single payment. This premium was included in the total amount of Potts' loan indebtedness to MCC, and MCC was named as the "irrevocable first beneficiary" under the policy. MCC also received a commission from American Bankers for soliciting the sale of the policy.

Less than a year after Potts obtained the second mortgage loan from MCC, he sold the property to the Logans. As part of the consideration for the property, the Logans assumed the MCC loan, and they subsequently paid MCC a loan assumption fee of $50.00. Mrs. Logan maintains that during the course of this transaction, her husband was led to believe that Potts' credit life insurance policy with American Bankers would be transferred to him or re-issued in his name so as to cover his life rather than Potts'. When her husband died, Mrs. Logan demanded that American Bankers pay the unpaid balance of the MCC loan pursuant to the terms of the policy, and American Bankers refused. Mrs. Logan then brought this suit against American Bankers, MCC, and MCC's successor, Associates Financial Services. However, only American Bankers moved for and was granted summary judgment. The case remains pending against the other defendants. *Held:*

1. The appellant initially contends that the trial court erred in overruling her objections to the form and contents of an affidavit executed by the vice-president in charge of American Bankers' claims department, Evelyn Turbert. In this affidavit, Ms. Turbert states that she has custody and control of American Bankers' records pertaining to credit life insurance policies and applications for credit life insurance, including the policy and application at issue in this lawsuit, and that these records are maintained in the regular course of business. She further states, "from my own personal recollection and from a review of my files and business records, that the credit life policy issued to Vernon Potts was never transferred or re-issued to Kathy or Larry Logan and that neither Kathy Logan, Larry Logan, nor anyone acting on their behalf ever made application to American Bankers for the issuance of a policy in their names or for a transfer or assignment of Potts' policy." In addition, Ms. Turbert avers that "American Bankers Life Assurance Company does not authorize or permit anyone to effect such a transfer, issuance, endorsement or assignment of a credit life insurance policy to any party other than the named insured shown on the original policy."

The appellant has three objections to this affidavit: first, that it is made from personal recollection and from a review of the records rather than from personal knowledge; second, that not all the records which were the subject of Ms. Turbert's review were attached to the

affidavit; and third, that the affiant was not shown to be "competent" to say what the company's policy was. We consider all of these objections to be without merit.

The "personal knowledge" requirement set forth in OCGA § 9-11-56 (e) (Code Ann. § 81A-156) is met "where the contents of the pleading indicate that material parts of it are statements within the personal knowledge of the [affiant]," as opposed to being made upon information and belief. *Spires v. Relco, Inc.,* 165 Ga. App. 4, 5 (299 SE2d 58) (1983). Clearly, the term "personal recollection" as used in the context of Ms. Turbert's affidavit is synonymous with "personal knowledge." As noted by the appellee, any personal knowledge of past events a person may have will always be based on a recollection of those events.

As for the failure to attach copies of all the records referred to in the affidavit, the only records which are relevant are Potts' application form and policy, and a copy of each is attached to the affidavit. The appellant does not dispute the accuracy or authenticity of these documents but contends, in effect, that the affiant was additionally required pursuant to OCGA § 9-11-56 (e) (Code Ann. § 81A-156), to attach to the affidavit a copy of every other credit life insurance policy and application contained in its files in order to substantiate her statements that no application was ever received on the Logans' behalf and no policy was ever issued to them. It is difficult to imagine a more unreasonable or unworkable requirement, and the code section clearly imposes no such burden. "Where it is sought to show that certain records do not contain a certain thing, the testimony of the keeper of the records, or of any other person who has read the records, that the records do not show the thing in question, is not inadmissible on the ground that the records themselves are the highest and best evidence. (Cits.)" *Cary v. State,* 55 Ga. App. 167, 168 (3) (189 SE 625) (1937). See also *Peters v. Adcock,* 196 Ga. 118 (2) (26 SE2d 342) (1943).

With regard to the appellant's contention that the affiant was not shown to be competent to state company policy with respect to the transfer, issuance, endorsement, or assignment of credit life insurance policies, we find the affiant's position as vice-president of the claims department ample basis for a conclusion that she is knowledgeable about the company's policies in this area. Division 6 of *LaCount v. United Ins. Co. of America,* 138 Ga. App. 476 (226 SE2d 307) (1976), does not constitute authority for a contrary ruling. The holding there was merely that the opinion of an officer or agent of an insurer as to whether the company would have issued a policy to an insured had it known the true facts about the insured's health amounts to an inadmissible conclusion. See *Patterson v. Cotton*

*States Mut. Ins. Co.,* 221 Ga. 878, 881 (148 SE2d 320) (1966); *Globe Indem. Co. v. Hall,* 94 Ga. App. 628, 629 (95 SE2d 759) (1956).

2. It is clear from the record that American Bankers never entered into a contractual relationship with either the appellant or her deceased husband. It is also clear that American Bankers was not guilty of negligence with respect to the loan assumption transaction, for it is undisputed that the company received no notice of the transaction prior to Mr. Logan's death and that it received no request from anyone that the policy be reissued to cover Mr. Logan's life. It follows that American Bankers may not be held liable to the appellant on the policy unless liability for MCC's alleged negligence may somehow be imputed to it.

The appellant contends that American Bankers may be held liable for MCC's alleged negligence pursuant to *Carrollton Fed. Savings &c. v. Young,* 165 Ga. App. 262 (299 SE2d 395) (1983), wherein this court upheld a jury verdict against a lender based on the following language from *Beiter v. Decatur Fed. &c. Assn.,* 222 Ga. 516, 518 (2) (150 SE2d 687) (1966): "[W]here one undertakes to procure insurance for another and is guilty of fraud or negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy. (Cits.)" While this holding may support the appellant's claim against MCC, it provides no support for the proposition that MCC's alleged liability may be imputed to American Bankers. Similarly, in *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801) (1974), also cited by the appellant, the question was whether the agent who undertook to procure the insurance could be held liable for its alleged negligent failure to comply with the insured's instructions regarding the amount of insurance to be obtained — not whether such liability could be imputed to the insurer.

As a general rule, the doctrine of respondeat superior applies only where the principal retains the right to control the time, manner, and method of employment of the agent. See generally *Sloan v. Hobbs Sporting Goods Shop,* 145 Ga. App. 255, 257 (243 SE2d 673) (1978); *Hampton v. McCord,* 141 Ga. App. 97 (1) (232 SE2d 582) (1977); *Manis v. Gulf Oil Corp.,* 124 Ga. App. 638 (185 SE2d 589) (1971). It is evident from the record in this case that no such relationship existed between American Bankers and MCC, which was an independent entity engaged in an independent business. It follows that American Bankers may not be held liable for MCC's failure to discharge its alleged undertaking to procure credit life insurance on the Logans' behalf. Consequently, the trial judge did not err in granting American Bankers' motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 27, 1983.

*John E. Feagin, Jr.,* for appellant.
*Lowell S. Fine, Barry L. R. Staples, G. Michael Banick,* for appellee.