69063. MESSEX v. LYNCH.
(326 SE2d 492)
</div>

SOGNIER, Judge.

Joyce Messex brought this medical malpractice suit against Lawrence J. Lynch, M.D., alleging negligence in the performance of a cervical node biopsy. Lynch moved for summary judgment supporting the motion with his own affidavit. Messex responded with an affidavit by Hugh S. Geiger, Jr., M.D. The trial court found in favor of Lynch and Messex appeals.

Appellant contends the trial court erred by granting appellee's motion for summary judgment in that genuine issues of material fact exist for jury determination. " 'In a medical malpractice action, in which the defendant is held to the higher standard of care within the profession, a plaintiff, in order to resist a defendant's motion for summary judgment based on his affidavit that his services were performed with the requisite degree of skill and care, must produce a physician's, or qualifying expert's, affidavit stating that the defendant did not treat or care for the plaintiff with that degree of skill and care exercised in the medical profession generally. [Cits.]' *Jones v. Rodzewicz*, 165 Ga. App. 635, 636 (2) (302 SE2d 402)." *Childs v. Christmas*, 171 Ga. App. 756, 758 (1) (320 SE2d 629) (1984).

Appellant countered appellee's affidavit with that of Dr. Geiger who recited his professional history, his familiarity with the standard of skill and care generally used in performing cervical lymph node biopsies, and stated, "In my professional opinion, a reasonable degree of surgical care and skill would require a surgeon who was performing a cervical lymph node biopsy to *avoid* [emphasis in the original] damaging a branch of the spinal accessory nerve, . . ." and that when injury does occur to the spinal accessory nerve, "usually such injury occurs because the surgeon failed to use that reasonable degree of care and skill that is ordinarily employed by the medical profession under similar circumstances." The affidavit contains no reference by name to appellee.

Appellant's expert affidavit stated that it was based on "pertinent medical records and medical and surgical history" of appellant. No records were attached to Dr. Geiger's affidavit. Although there was a copy of a pathology report in the record, the affidavit failed to identify specifically that medical record. Further, although the affidavit states that it is "based upon my personal knowledge and belief," the affidavit is devoid of any discussion of the particulars in which the affiant believed the defendant/appellee was negligent. Pretermitting the question of certification of the one medical report in the record and any probative value it may have, appellant's expert affidavit is insufficient for failure to identify the specific medical records used as the basis of the affiant's opinion, *Hayes v. Murray*, 169 Ga. App. 78, 79 (2) (311 SE2d 477) (1983), and for failure to state the particulars in which the affiant believed the defendant/appellee was negligent to support the affiant's statement that the affidavit was made on personal knowledge. See *Hayes v. Murray*, 252 Ga. 529 (314 SE2d 885) (1984), *Childs*, supra at 758 (2). Consequently, appellant has failed to set out specific facts showing there is a genuine issue of material fact remaining and the judgment of the trial court is therefore affirmed.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED JANUARY 10, 1985 —
REHEARING DENIED JANUARY 25, 1985 —

*M. Francis Stubbs*, for appellant.
*William P. Franklin, Jr., I. Gregory Hodges*, for appellee.