70086. SANDERS v. SOUTHERN FARM BUREAU LIFE
INSURANCE COMPANY.
(332 SE2d 33)

BIRDSONG, Presiding Judge.

This is an appeal by a life insurance beneficiary (Sanders) from a grant of summary judgment to the insurer.

Notwithstanding all the arguments of the parties and the findings and conclusions by the trial court, we find a single compelling reason why the grant of summary judgment should be sustained. The insured, Leroy Cash, applied for life insurance September 12, 1983, and on that date, submitted an application in which he denied that he had "in the past 10 years had . . . any . . . disorder of the eyes, ears,

nose or throat." The following day, he visited a physician and reported that he "had had in recent weeks dysphagia [medical term for the disorder of difficulty in swallowing]." This quoted statement was made in the physician's medical report and discharge summary which he wrote upon Mr. Cash's death from cancer of the esophagus, six days after he applied for the subject life insurance and five days after he consulted the physician. The doctor's statement of Mr. Cash's past symptoms was admissible in evidence (OCGA § 24-3-4), and is uncontradicted by any competent evidence. There remains, therefore, no genuine issue of material fact that the insured made a false statement in stating to the insurer that he had not had any "disorder of the . . . throat" in the past ten years.

The insurer's vice president of underwriting swore by affidavit that the misrepresentation was material to the risk, and that Southern Farm Bureau in good faith would not have issued Mr. Cash a policy had the truth been known. The vice president of underwriting was competent, by his position and experience, to so testify. He testified that the truth would have influenced a prudent insurer in determining whether to accept the risk, and explained the manner in which the facts would have changed the nature, extent and character of the risk. *Sentry Indem. Co. v. Brady*, 153 Ga. App. 168, 170 (264 SE2d 702).

In *LaCount v. United Ins. Co.*, 138 Ga. App. 476 (226 SE2d 307), in somewhat confusing language we held that insurer's vice president and underwriter was "incompetent" to testify that he (personally — not the insurer) would not have caused a policy to issue if he had known the truth. The gist of that case, based upon the authority it cites, is an evidentiary failure because the affiant made a mere conclusion (that he would not have issued the policy if he had known the truth) as opposed to testifying that the misrepresentation affected the nature and character of the risk or premium rate. See *Sentry Indem. Co.*, supra. In *LaCount*, we mistakenly characterized the *affiant* as incompetent to testify as to materiality of risk, when we more pertinently should have characterized his *testimony* as incompetent and inadmissible because it stated only a conclusion. See *Patterson v. Cotton States Mut. Ins. Co.*, 221 Ga. 878, 881-882 (148 SE2d 320) and *Globe Indem. Co. v. Hall*, 94 Ga. App. 628 (95 SE2d 759); see particularly *Metropolitan Life Ins. Co. v. Marshall*, 65 Ga. App. 696, 705 (16 SE2d 33), which were cited in *LaCount* as authority for holding the *affiant* "incompetent," but which in fact find the conclusionary testimony to be inadmissible.

The evidence as to the materiality of the risk being uncontradicted, the insurer was entitled to summary judgment.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED MAY 29, 1985.

*Thomas B. Murphy, Stephen E. Garner*, for appellant.
*David H. Tisinger, Kevin B. Buice*, for appellee.