## 71296. OVERSEAS & DOMESTIC UNDERWRITERS, LTD., INC. et al. v. RIGGINS.

(338 SE2d 31)

BANKE, Chief Judge.

The appellee's decedent was killed in an automobile accident on July 2, 1983. That very morning, the decedent had made a written application for automobile insurance at the office of Edward L. Turner, an independant insurance agent, and had paid Turner a premium for six months' coverage. Turner retained two carbon copies of the application, one of which he signed and mailed that same afternoon, along with the premium payment, to appellant Overseas & Domestic Underwriters, Ltd., Inc., an insurance brokerage firm. There is no question that by doing so Turner bound the insurer, appellant Integrity Insurance Company, to the coverage under the terms of the written application.

On both the carbons retained by the insurance agent, including the one mailed to Overseas, the effective date of coverage is stated to be July 3, 1983, at 12:01 a.m. As it turned out, of course, the decedent's death had already occurred by that time.

The decedent's mother, the appellee herein, subsequently asserted a claim for no-fault survivor's benefits based on a photocopy of the application which had indisputably been altered to specify July 2nd rather than July 3rd as the effective date of coverage. Integrity, acting through its broker, Overseas, denied the claim; and the appellee filed the present action to recover actual and punitive damages and attorney fees. Initially, the sole named defendant was Overseas, but the complaint was later amended to add both Integrity and Turner as co-defendants.

At trial, the appellee offered no explanation for the alteration of her copy of the decedent's application but introduced the testimony of an acquaintance of the decedent, David Burgess, to the effect that he had accompanied the decedent to Turner's office to obtain the insurance and had heard Turner tell the decedent, in effect, that the coverage would begin immediately. This testimony was impeached,

however, by tape recordings of conversations between Burgess and an insurance adjuster in which Burgess had told the adjuster, in no uncertain terms, that he had heard Turner tell the decedent the coverage would not be effective until one minute after midnight.

The court directed a verdict in favor of Turner at the close of the evidence but denied motions for directed verdict by Integrity and Overseas. The jury returned a verdict against the two companies for actual and punitive damages and attorney fees, and the trial court denied their subsequent motions for judgment notwithstanding the verdict. This appeal followed. *Held*:

It being undisputed that coverage was not effective under the terms of the written application and binder until July 3, 1983, at 12:01 a.m., the insurer's contractual liability can obviously extend no further than this. Nor can the appellants be held liable in tort for any misrepresentations Turner may have made with respect to the effective date of the coverage, absent evidence that Turner was in a master-servant relationship with them, so as to enable liability to be imputed to them under the theory of respondeat superior, or evidence they were in complicity with him in making the misrepresentations. See *Guthrie v. G.M.A.C.*, 172 Ga. App. 260 (2), 262 (322 SE2d 752) (1984); *Logan v. American Bankers &c. Co.*, 168 Ga. App. 647, 650 (2) (310 SE2d 263) (1983). See also *Hodges v. Mayes*, 240 Ga. 643, 644-645 (242 SE2d 160) (1978). No evidence whatever having been presented to support a recovery under either of these theories, it follows that no legal basis exists for the imposition of liability against the appellants. Consequently, the trial court erred in denying their motions for judgment notwithstanding the verdict.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 28, 1985 —
REHEARING DENIED NOVEMBER 14, 1985 —

*H. Edward Marks, Jr., Richard G. Greer*, for appellants.
*Howard Tate Scott*, for appellee.