71155. GREENE v. FULTON-DeKALB HOSPITAL
AUTHORITY et al.
(339 SE2d 770)

McMURRAY, Presiding Judge.

Appellant Greene appeals from an order granting summary judgment to the appellee hospital and two doctors against whom he brought this action for medical malpractice. The trial court found that the affidavit and deposition of appellant's medical expert in opposition to appellees' motions for summary judgment failed to articulate a standard of care and failed to articulate any deviation from such standard of care; that appellant's medical expert did not attach to his affidavit or deposition the medical records which he reviewed and upon which he relied in connection with his testimony; that there was no admissible evidence submitted to show that appellant sustained the injury upon which the suit was premised, or to show its causation, and that appellant therefore failed to prove an essential element of his cause of action, specifically the injury alleged, a tracheoesophageal fistula. Error is enumerated as to each of these rulings. *Held*:

1. Appellant's expert, Dr. Weaver, stated in his affidavit that it was given for use in the instant lawsuit "based upon my own personal knowledge, my education, my experience, and upon the medical records pertaining to James H. Greene, Jr. from Grady Memorial Hospital"; that he had reviewed the records of Greene's stay in Grady Memorial Hospital which gave rise to the action and it was his opinion based upon his education, training, experience and his "familiarity with the standards of care and the degree of medical care and skill ordinarily exercised by hospitals and physicians generally under con-

ditions similar to those presented in Mr. Greene's case and under surrounding circumstances like those in Mr. Greene's case . . . that in rendering medical care and treatment to James H. Greene, Jr. during the period encompassing October 31, 1981 through February 11, 1982, the employees and staff of Grady Memorial Hospital, Dr. Richard D'Ascoli and Dr. David Kee, deviated from those standards and failed to exercise that requisite degree of care and skill." Dr. Weaver also gave a deposition, which was attached to the affidavit and incorporated by reference therein, and was filed as a part of the record prior to the hearing on the appellees' motions for summary judgment.

In his deposition Dr. Weaver testified that based on Greene's medical records from Grady Memorial Hospital from 1981 and 1982, it appeared that Greene was admitted to the hospital with serious head injuries, and when it became apparent that he was having trouble breathing a tracheostomy was performed; that he did not see any negligence in performing that procedure although most physicians in 1981 would have used a plastic tube rather than a metallic tube; but that after the time the procedure was done and prior to the time Greene was released the hospital staff "were having trouble with his lungs; and they suspected he was aspirating, that is, that he was getting food some way from his stomach or food passageway into his lungs . . ." which was symptomatic of an acquired tracheoesophageal (TE) fistula. Dr. Weaver further testified that the most common cause of a TE fistula was the cuff balloon fitted around the tube (an artificial passageway) pressing against the wall of the trachea; that Greene's tracheostomy tube was in place long enough under sufficient pressure to cause a TE fistula; that certain steps could have been taken to prevent the development of a fistula, such as varying the lengths of the tube when it was changed, using two cuffs and switching to a more expensive but softer type of tube; that in failing to take these precautions the physicians departed from customary medical practices; that the hospital records indicated the presence of a TE fistula that went unrecognized; that the barium swallow test given Greene after his aspiration problems was inappropriate in his situation, and that the TE fistula, which subsequently required corrective surgery, was not diagnosed because the attending physicians failed to find it or to prevent it.

We think this affidavit and deposition testimony, which was properly before the court, adequately articulated the standard of care applicable under the circumstances and delineated appellees' failure to meet that standard. Moreover, since Dr. Weaver averred that his opinions were partly based on his own personal knowledge and stated the particulars in which he believed appellees were negligent, the affidavit and attached deposition were sufficient to raise a genuine issue of material fact and thus preclude the trial court's grant of appellees'

motions for summary judgment. See *Hayes v. Murray*, 252 Ga. 529, 531 (314 SE2d 885).

2. Nor do we agree that summary judgment was proper for appellant's failure to attach the medical records Dr. Weaver reviewed to his affidavit or deposition. These records were attached to appellees' affidavits as a part of the record on motion for summary judgment along with appellant's pleadings, affidavit and deposition, answers to interrogatories, requests for admissions and production of documents, and the affidavits of appellant's mother and sister. The Grady Hospital records were specifically identified in his affidavit and repeatedly referred to throughout Dr. Weaver's lengthy deposition. "An affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, provided that the affidavit clearly identifies the record matter upon which it is based." *Jones v. Rodzewicz*, 165 Ga. App. 635, 637 (4) (302 SE2d 402). See *Hayes v. Murray*, 252 Ga. 529, 530, supra; *Hughey v. Emory Univ.*, 168 Ga. App. 239, 240 (308 SE2d 558).

3. We also disagree with the finding that there was no admissible evidence as to appellant's alleged injury or any causal relationship between the injury and the medical care and treatment he received from appellees. Even absent consideration of a supplemental hospital record tendered by appellant without proper authentication, which showed a secondary diagnosis of a TE fistula, there was competent evidence in regard to appellant's symptoms before the court from appellant, his mother and his sister in addition to Dr. Weaver's testimony that he had suffered such a condition. "Statements made for purposes of medical diagnosis or treatment and *describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment shall be admissible in evidence.*" OCGA § 24-3-4. (Emphasis supplied.) "It is entirely proper for [a plaintiff] to describe the course of his medical treatments, and to testify that he received some kind of operation even in the absence of any testimony on this point from the doctors involved. [Cit.]" *Fox v. Hartford Accident &c. Co.*, 130 Ga. App. 104, 105 (1) (202 SE2d 568). See *Foist v. Atlanta Big Boy Mgt.*, 166 Ga. App. 304 (1) (304 SE2d 111). Compare *Sanders v. Southern Farm &c. Ins. Co.*, 174 Ga. App. 888 (332 SE2d 33).

Since it appears that the trial court failed to consider all of the competent evidence in the record before it, it follows that the grant of summary judgment to appellees was erroneous. Appellees "had the burden of demonstrating that there is no genuine issue of material fact, and any doubt as to the existence of such an issue is to be resolved against [them]. [Cit.] Summary judgment is ' "an extreme remedy to be granted only in those cases where there clearly is no genuine

issue to be tried. . . ." ' [Cit.] All the facts and inferences to be drawn from the record must be construed in favor of the party against whom the summary judgment is sought[.] . . . [Cits.] It is only warranted where that party would not be entitled to have a jury verdict stand. [Cit.] Of course, the trial court cannot in considering summary judgment weigh the evidence or determine its credibility. [Cit.]" *State Farm Fire &c. Co. v. Martin*, 174 Ga. App. 308 (329 SE2d 577).

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 15, 1986.

*E. Graydon Shuford*, for appellant.
*Dow N. Kirkpatrick II, Judson Graves*, for appellees.