[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 5, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-10849
Non-Argument Calendar
_____

D. C. Docket No. 02-00226-CV-2-WDO-5

JON A. NIXON, Trustee of the
Nixon Family Trust, dated
April 19, 2000,

                                                      Plaintiff-Appellant,

versus

LINCOLN NATIONAL INSURANCE COMPANY,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(May 5, 2005)**

Before BLACK, WILSON and STAPLETON*, Circuit Judges.

_____

*Honorable Walter K. Stapleton, United States Circuit Judge for the Third Circuit, sitting
by designation.

PER CURIAM:

This diversity action arises from a claim by plaintiff-appellant Jon A. Nixon ("Nixon"), as trustee for the Nixon Family Trust, to proceeds from a life insurance policy issued by Lincoln National Life Insurance Company ("Lincoln") insuring the life of Nixon's mother, Iris Nixon ("Mrs. Nixon"). The district court granted Lincoln's motion for summary judgment. We review the district court's order *de novo*, resolving all factual disputes in favor of the non-moving party. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). We vacate the order and remand for further proceedings.

Because the parties are familiar with the facts, we relate them only as necessary to explain our decision. In short, Lincoln issued a $4 million insurance policy on Mrs. Nixon, who was eighty years old at the time. Nixon claims that Lincoln's agent, Lawrence Williford, did not meet with Mrs. Nixon, did not witness her signature on the policy application, and did not present her with application pages containing several health questions. Nevertheless, Williford falsely certified that he had met with Mrs. Nixon and asked her the pertinent health questions. Mrs. Nixon died from pancreatic cancer shortly after the policy was issued.

Nixon argues that Lincoln should be estopped from denying liability because

Williford failed to ask relevant health questions. We agree that there is a genuine issue of material fact on this issue. *Id.* at 1260. Georgia law is clear that "[i]n an action on a contract of insurance, the insurance company is generally considered estopped to deny liability on any matter arising out of the fraud, misconduct, or negligence of an agent of the company. If either party must suffer from an insurance agent's mistake, it must be the insurance company, his principal." *O'Kelly v. Southland Life Ins. Co.*, 305 S.E.2d 873, 875 (Ga. Ct. App. 1983) (quoting *Stillson v. Prudential Ins. Co.*, 42 S.E.2d 121, 124 (Ga. 1947).

Lincoln claims that Mrs. Nixon had a duty to disclose her health issues, and that it would not have issued the policy had it known the full extent of her illness. To the extent that Lincoln claims that Mrs. Nixon's failure to advise it of her health problems constituted a material misrepresentation absolving it of liability under Ga. Code Ann. § 33-24-7(b), it is for a jury to decide with whom the fault lies. *See Liberty Nat'l Life Ins. Co. v. Houk*, 278 S.E.2d 120, 121-22 (Ga. Ct. App. 1981).[1]

---

[1]Mrs. Nixon provided truthful information about her health to Lincoln in December of 1999. She did not learn she had pancreatic cancer until April 28, 2000. A meeting occurred on April 19, 2000 between Mr. and Mrs. Nixon, Williford and Frank Kenney (an employee of Smith Barney's estate and trust services area brought in by Lincoln to assist with the making of policy offers to the Nixons). Jon Nixon testified in his deposition that during this meeting, Kenney told Mrs. Nixon that the insurance policy agreed upon by the parties was "a done deal," that "the policy ha[d] been approved and everything [was] ready to go," *see* R2-26-Exh.D-1, p.16, that the policy would be effective February 23, 2000, and that she should write a premium check for $38,953. There is thus evidence in the record from which a trier of fact could find that Lincoln led Mrs. Nixon to believe on April 19 that the insurance on her life was then in effect and that subsequent changes in her health, other than her death, were immaterial.

We agree with the district court, however, on Nixon's claim that Lincoln waived the misrepresentation defense by retaining the premium following knowledge of the alleged misrepresentation. Lincoln was entitled to a reasonable time to conduct an investigation into the contestability of the policy. Lincoln conducted its investigation and rescinded the policy and returned the premiums approximately four months after Mrs. Nixon's death and only weeks after it interviewed Nixon and Mrs. Nixon's husband. In light of these circumstances, we cannot conclude that Lincoln neglected its duty to "promptly move to have the contract of insurance rescinded." *Florida Int'l Indem. Co. v. Osgood*, 503 S.E.2d 371, 373 (Ga. Ct. App. 1998) (quoting *Columbian Nat'l Life Ins. Co. v. Mulkey*, 91 S.E. 106, 108 (Ga. 1916)). Accordingly, Lincoln did not waive its material misrepresentation defense.

For the reasons stated above, we vacate the district court's order granting summary judgment to Lincoln, and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**