PERRY *vs.* WATTS.

1. A declaration which set out a promise by defendant to put plaintiff in possession of a certain farm, "on or before" the 25th day of December, a demand therefor on December 17th, and refusal to deliver, resulting in damage to plaintiff, was demurrable.
2. Before a refusal by the judge to allow amendments can be a ground of error, it must appear that such amendments were properly proposed and that they were refused.   Where it did not appear that the court knew what amendments were proposed to be made, there will be no reversal for not allowing them.

Actions.   Contracts.   Damages.   Amendment.   Practice in Superior Court.   Before Judge FLEMING.   Randolph Superior Court.   May Term, 1881.

Perry sued Watts, alleging that he had made a contract to rent of the latter certain land and to have the use of certain property in connection therewith for farming purposes; that possession was to be delivered to him "on or before the twenty-fifth day of December, 1877;" that on December 17th, he demanded possession, and defendant entirely refused to comply with his contract; that plaintiff was damaged, etc.

Defendant demurred to this declaration. During the argument plaintiff's counsel stated that if the declaration was held insufficient they would amend it. After they closed their argument, the court asked if there was anything more, they said no; the court sustained the demurrer, and dismissed the case; plaintiff excepted.

W. C. WORRILL, for plaintiff in error.

KENNON & HOOD, for defendant.

JACKSON, Chief Justice.

1. This declaration sets out that the defendant "on or before" the twenty-fifth day of December agreed to put the plaintiff in possession of a certain farm, with stock, implements, etc., etc., and that on the preceding 17th day of the same month a demand for possession was made and declined, and thereby plaintiff was greatly damaged. The plaintiff made his demand too soon, and there is no error in sustaining the demurrer and dismissing the action.

2. There was no error in declining to allow the amendments which were not written out and offered, but the bill of exceptions alleges that plaintiff was about to offer them, but did not in fact do so. The court must know what the amendments are before it can commit error in not allowing them, and it does not appear that the court knew what the amendments were. Besides, the judge certifies that he distinctly asked counsel if there was any thing more, and being answered that there was not, made the ruling, and granted the judgment of dismissal.

Judgment affirmed.