## 65036. JONES v. RODZEWICZ.

SHULMAN, Chief Judge.

Appellant brought this medical malpractice action against five physicians who allegedly treated her in connection with gastrointestinal problems she was having in March 1977. Four of the physicians filed unopposed motions for summary judgment that were granted by the trial court. After notice and hearing, the trial court also granted appellee's motion for summary judgment. The motion was based upon appellee's affidavit, which sets forth his examination and treatment of appellant and states that "all of the above procedures for the treatment of [appellant's] ailment were in accordance with the practices of the medical profession generally."

Appellant countered appellee's affidavit by timely filing the affidavit of a licensed physician who "has personal knowledge of the facts pertaining to this action . . . has thoroughly reviewed all medical records . . . for [appellant's] admissions . . . and the affidavit of [appellee]," and who stated that the "care and treatment given [appellant] by [appellee] was not in accordance with that degree of care and skill ordinarily employed by the medical profession generally." The affidavit then sets forth the particulars in which appellee's treatment of appellant fell short of the proper standard of care. No records were attached to the affidavit.

Appellant argues on appeal that appellee's affidavit does not pierce the allegations of her complaint in that it fails to address each specific act of negligence, even though it does set forth the course of treatment and confirms that all acts were performed with the requisite degree of skill and care. However, we need not consider this question, since the affidavit offered by appellant clearly created a material issue of fact as to appellee's adherence to the proper standard of care in his treatment of appellant.

1. Appellee attacks appellant's affidavit on the ground that expert opinion testimony must be based on personal knowledge. However, an expert at trial may give his opinion based on facts not within his personal knowledge if the facts are set forth in the form of a hypothetical question. *Evans v. DeKalb County Hosp. Auth.,* 154 Ga. App. 17, 18 (267 SE2d 319). Thus, expert opinion testimony is not objectionable merely because it is not based on facts within the per-sonal knowledge of the witness.

2. In a medical malpractice action, in which the defendant is held to the higher standard of care within the profession, a plaintiff, in order to resist a defendant's motion for summary judgment based on his affidavit that his services were performed with the requisite degree of skill and care, must produce a physician's, or qualifying expert's, affidavit stating that the defendant did not treat or care for the plaintiff with that degree of skill and care exercised in the medical profession generally. *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222); *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211). However, the physician's affidavit offered by the plaintiff is not subject to objection because it is based on facts not within the personal knowledge of the affiant, since the affiant *may* be able to base an opinion on the same facts introduced hypothetically at trial.

3. Appellee argues that the affidavit of a physician setting forth an opinion based upon hearsay in the form of medical records or other material must attach "[s]worn or certified copies of all papers or parts thereof referred to in [the] affidavit." OCGA § 9-11-56 (e) (Code Ann. § 81A-156). We agree with appellee that the affidavit offered by

appellant should have included as attachments the records containing facts upon which the affiant relied. We also agree that if the affidavit was based solely upon the facts contained in the medical records that are not part of the record in this case, it would have no probative value in response to the motion for summary judgment.

4. The affidavit offered by appellant, however, is based in part upon "the affidavit of [appellee]," which is a part of the record. An affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, provided that the affidavit clearly identifies the record matter upon which it is based. Thus, some of the "facts" upon which the affiant based his opinions concerning appellee's treatment of appellant were before the trial court in the form of appellee's affidavit. The question becomes whether the affidavit offered by appellant is then sufficient to create a material issue of fact as to appellee's alleged negligence in the treatment of appellant. We hold that it is.

It is axiomatic that "[i]n summary judgments, all inferences, and all ambiguities, and all doubts, are resolved against the movant ... and in favor of the party opposing the grant of summary judgment." *Summers v. Milcon Corp.,* 134 Ga. App. 182, 183 (213 SE2d 515). This is true even where the party opposing the motion would have the burden at trial. *Benton Bros. Ford Co. v. Cotton States &c. Ins. Co.,* 157 Ga. App. 448, 451 (278 SE2d 40). Furthermore, the "respondent's proof is treated with indulgence." *Whitehead v. Capital Auto. Co.,* 239 Ga. 460, 462 (238 SE2d 104). Vague or contradictory testimony must be construed in favor of the non-movant. *Aiken v. Drexler Shower Door Co.,* 155 Ga. App. 436, 437 (270 SE2d 831).

Applying these rules to the present case, we hold that the trial court erred in concluding that no genuine issues of material fact existed concerning appellee's liability to appellant. Appellee's affidavit sets forth appellant's symptoms at the time he first saw her, the evaluative procedures he unsuccessfully attempted to employ, follow-up evaluative procedures, diagnosis, treatment, medication, and course of alleged recovery. The affidavit offered by appellant, based in part upon appellee's affidavit, criticizes primarily appellee's diagnosis and diagnostic workup. Although it is uncertain to what extent the affiant's conclusions are based on facts contained in the unattached medical records and to what extent they are based upon facts contained in appellee's affidavit, it cannot be stated that affiant's opinions would differ or lack factual basis if limited to the facts contained in appellee's affidavit. Since "the opposing party's papers, if any, are treated with considerable indulgence" (*Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429)), and since appellee's affidavit may provide a sufficient factual basis for the opinion offered by

appellant, that opinion, if construed in appellant's favor, creates a material issue of fact as to appellee's alleged negligence in his diagnosis and treatment of appellant. The trial court, consequently, erred in granting appellee's motion for summary judgment. OCGA § 9-11-56 (Code Ann. § 81A-156); *Sullivan v. Henry,* 160 Ga. App. 791, 802 (287 SE2d 652).

In reaching this conclusion, we in no way intimate an opinion as to the likelihood or probability of appellant's carrying her burden at trial or as to the credibility or weight of any evidence offered in support of or in opposition to the motion for summary judgment. Such matters, of course, have no place in the summary judgment procedure. *Cleveland v. American Mot. &c. Co.,* 163 Ga. App. 748, 750 (295 SE2d 190); *Jones v. Howard,* 153 Ga. App. 137, 142 (264 SE2d 587).

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 4, 1983.

*Charlie L. Parker, Jr., Lewis M. Groover, Jr., Durwood T. Pye,* for appellant.

*Y. Kevin Williams, Lynn A. Downey,* for appellee.