40660. HAYES et al. v. MURRAY et al.

MARSHALL, Presiding Justice.

This is a medical-malpractice case which is here on certiorari. *Hayes v. Murray,* 169 Ga. App. 78 (311 SE2d 477) (1983). It concerns the sufficiency of an expert affidavit submitted by the plaintiff in opposition to the defendants' motions for summary judgment.

This is a wrongful-death action against four physicians brought by the plaintiff individually and as executrix of her husband's estate. The plaintiff alleges that the defendants were negligent in their treatment of her husband. In support of their motions for summary judgment, the defendants, as experts, submitted their own affidavits, in which they opined that they were not negligent in their treatment of the deceased. In opposition to the defendants' motions for summary judgment, the plaintiff submitted the affidavit of a physician in which he testified that, based on his personal knowledge of the facts in this case as well as his review of the medical records, it was his opinion that the defendants were negligent in their treatment of the deceased. In this affidavit, the physician states the particulars in which he believes the defendants were negligent.

Approximately one month after the summary-judgment hearing, the plaintiff sought to file an amendment to this affidavit. In this amendment, the affiant states that opinions expressed in the affidavit are based on his review of medical depositions taken in this case, as well as office medical records of the deceased, which are attached as an exhibit to the amendment. However, the trial judge refused to allow the amendment to the affidavit, and summary judgment was granted to the defendants based on the insufficiency of the original affidavit.

The rule, as applied by the Court of Appeals, is that, " '[a]n affidavit made in opposition to a motion for summary judgment not served at least one day before the hearing is barred by the Civil Practice Act from consideration as evidence unless the record discloses [that] the trial court, in the exercise of its discretion, has allowed the affidavit to be served and considered.' *Malone v. Ottinger,* 118 Ga. App. 778, 779 (3) (165 SE2d 660) (1968)." *Talley v. City Tank Corp.,* 158 Ga. App. 130, 133 (2) (279 SE2d 264) (1981). The Court of Appeals concluded that the trial court is, likewise, vested with discretion in deciding whether to allow untimely amendments to affidavits. The Court of Appeals held that the trial court did not abuse its discretion in refusing to allow the amendment to the affidavit here.

As to the sufficiency of the plaintiff's expert affidavit, the rule — as contained in CPA § 56(e) (OCGA § 9-11-56 (e)), and as applied in *Hughey v. Emory University,* 168 Ga. App. 239 (308 SE2d 558) (1983) and *Jones v. Rodzewicz,* 165 Ga. App. 635 (302 SE2d 402) (1983) — is that, "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

In *Jones v. Rodzewicz,* supra, as here, the plaintiff in a medical-malpractice case submitted the affidavit of a physician in opposition to a defendant's motion for summary judgment, and in the affidavit the physician stated that his opinions were based on his personal knowledge of the facts of the case as well as his review of the medical records. As here, the affidavit set forth the particulars in which the defendant's treatment of the plaintiff was negligent, but none of the records was attached to the affidavit. The trial court granted the defendant's motion for summary judgment, but on appeal the Court of Appeals reversed.

In Division 3 of its opinion, the Court of Appeals recognized that under CPA § 56(e) the affidavit of a physician setting forth an opinion based upon hearsay in the form of medical records or other material must attach "(s)worn or certified copies of all papers or parts thereof referred to in (the) affidavit." 165 Ga. App., supra at p. 636. However, the Court of Appeals went on to hold in Division 4 of its opinion that, "An affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, provided that the affidavit clearly identifies the record matter upon which it is based." Id. at p. 637. This ruling was followed in *Hughey v. Emory University,* supra.

We agree with the Court of Appeals' holding in the present case that, to the extent that the plaintiff's expert affidavit is based on the

medical records, it lacks probative value in that the affidavit neither attaches medical records which are part of the record in this case nor does it "clearly identify the record matter upon which it is based." However, in the affidavit, the affiant also states that his opinions are based, at least in part, on his personal knowledge of the facts of the case, and the affiant goes on to state the particulars in which he believes the defendants were negligent. We hold that the affidavit is, therefore, sufficient to raise a genuine issue of material fact and thus preclude the trial court's grant of the defendants' motions for summary judgment.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 24, 1984 —
REHEARINGS DENIED MAY 15, 1984.

*Adele P. Grubbs,* for appellants.
*Hart & Sullivan, Y. Kevin Williams,* for appellees.
*Reagan W. Dean,* amicus curiae.