67719. CHILDS v. CHRISTMAS et al.

McMURRAY, Chief Judge.

In this medical malpractice action, the plaintiff appeals from a grant of summary judgment in favor of four defendants (the action remains pending in the trial court as to three other defendants). The four defendants involved in this appeal are Dooly Medical Clinic, P.C. and three of its employee physicians. These four defendants allegedly undertook to treat plaintiff for a minor urinary tract infection. Plaintiff alleged that these four defendants were negligent in prescribing and monitoring the effect of certain drugs which produced a severe reaction causing a number of resulting ailments and conditions.

According to plaintiff's deposition, on December 11, 1978, she went to the Dooly Medical Clinic complaining of a burning sensation when she urinated. Plaintiff testified that she was seen by a physician's assistant, Powell, to whom she described her symptoms. Powell told plaintiff she had a kidney infection, gave her some medicine ("pink pills") from his office and wrote a prescription for plaintiff to obtain additional medication at the drug store. No urine specimen was taken nor any other examination of plaintiff conducted other than a nurse taking her blood pressure and temperature and Powell's instruction to get up on the examining table and he was "mashing [her] stomach and [her] back." Plaintiff's testimony was that she was not seen by a doctor during this visit nor was any follow-up visit scheduled. Defendants' evidence is that plaintiff was seen by Dr. Christmas, one of the three defendant physicians, who took a history and performed a physical examination and urinalysis prior to prescribing and giving medication to plaintiff; and a follow-up appointment was scheduled for plaintiff. After taking the medication prescribed or given to her for a period of time, plaintiff began to suffer changes in her skin ("tiny bumps or pimples" all over her face and then "they started going over, all over my whole entire body . . .

[and] . . . lumps and knots . . . under the skin"). When seeking treatment for these symptoms on January 1, 1979, plaintiff sought treatment at a hospital as she knew Dooly Medical Clinic was closed on that day, New Years Day. After January 1, 1979, all three of the defendant physicians were involved in the treatment of plaintiff.

The three physicians each submitted affidavits in support of a motion for summary judgment, on behalf of themselves and Dooly Medical Clinic, P.C., setting forth their individual examination and treatment of plaintiff and stating that in all of their individual treatment of plaintiff they exercised that degree of skill and diligence required by law and ordinarily employed by physicians generally under the same or similar circumstances. Additionally, each physician examined stated that he had examined the records of the treatment of plaintiff by the other two defendant physicians and opined that they had also exercised that degree of care and skill required by law and ordinarily employed by physicians generally under the same or similar circumstances.

Plaintiff opposed the motion for summary judgment with the affidavit of a licensed physician who stated that he had reviewed "the medical reports and charts of Dooly Medical Center, Dooly Medical Clinic and Grady Memorial Hospital, . . . has also reviewed and examined the [defendant physicians'] Answers Pre-trial discovery interrogatories and requests . . . has also reviewed [plaintiff's] account of the events leading to her hospitalization and treatment by the Defendant Doctors," and rendered an opinion "that the doctors failed to exercise the reasonable degree of learning, care, skill and diligence ordinarily employed by the medical profession generally."

Some of the evidence, including medical reports and charts, referred to in the physician's affidavit submitted by plaintiff are not in evidence and none are attached to the affidavit as exhibits. Before the trial court, defendants argued that the physician's affidavit submitted by plaintiff "does not give the information necessary to determine whether [affiant] is relying upon material before the court or upon material which has not been admitted into evidence which is, therefore, not before the court," and that the deficiencies of the affidavit are such that testimony embraced in the affidavit would not be admitted into evidence on trial, hence it fails to meet the burden placed on plaintiff to sustain her allegations.

The trial court ruled that "the plaintiff having produced no admissible evidence to counter said defendants' evidence in support of their motion" that from consideration of the pleadings and evidence before the trial court there was no genuine issue as to any material fact. The trial court granted summary judgment in favor of the three physician defendants and Dooly Medical Clinic, P.C. Plaintiff appeals. *Held:*

1. "In a medical malpractice action, in which the defendant is held to the higher standard of care within the profession, a plaintiff, in order to resist a defendant's motion for summary judgment based on his affidavit that his services were performed with the requisite degree of skill and care, must produce a physician's, or qualifying expert's, affidavit stating that the defendant did not treat or care for the plaintiff with that degree of skill and care exercised in the medical profession generally. *Parker v. Knight*, 245 Ga. 782 (267 SE2d 222); *Payne v. Golden*, 245 Ga. 784 (267 SE2d 211)." *Jones v. Rodzewicz*, 165 Ga. App. 635, 636 (2) (302 SE2d 402).

2. To the extent that the affidavit of plaintiff's physician affiant "is based on the medical records, it lacks probative value in that the affidavit neither attaches medical records which are part of the record in this case nor does it 'clearly identify the record matter upon which it is based.'" *Hayes v. Murray*, 252 Ga. 529, 530 (314 SE2d 885). Neither does the plaintiff's physician's affidavit state that his opinion was based, at least in part, on his personal knowledge of the facts of the case sub judice, nor does the affidavit state the particulars in which he believed the defendants were negligent. See *Hayes v. Murray*, supra. Consequently, plaintiff has failed to set out specific facts showing there is a genuine issue of material fact remaining and the trial court must be affirmed.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 12, 1984 —
REHEARING DENIED JULY 25, 1984 — 

*S. Ralph Martin, Jr.*, for appellant.
*G. Stuart Watson*, for appellees.