## 69154. CRAWFORD v. PHILLIPS.
(326 SE2d 593)

CARLEY, Judge.

Appellant initiated the instant medical malpractice civil action against appellee-physician. Appellee subsequently filed a motion for summary judgment. The motion was supported by appellee's affidavit as an expert, wherein he averred that, in treating appellant, he had exercised the proper and reasonable degree of care and skill employed by the medical profession generally under similar conditions and like surrounding circumstances.

In opposition to appellee's motion for summary judgment, appellant submitted the affidavit of Dr. Jacobs. Dr. Jacobs' affidavit stated that it was based upon the following: His personal knowledge derived from an examination of the hospital's and doctor's records and notes pertaining to the treatment of appellant; photographs of appellant's wrist; and appellant's patient history. It was Dr. Jacobs' opinion that appellee had not exercised the proper and reasonable degree of skill employed by the medical profession generally under similar conditions and like circumstances. In his affidavit, Dr. Jacobs also stated the particulars in which he believed that appellee had been negligent. *Uncertified* and *unsworn* copies of the documents and photographs referred to in Dr. Jacobs' affidavit were attached thereto.

The trial court granted appellee's motion for summary judgment, on the ground that the affidavit filed in opposition to appellee's motion was insufficient under OCGA § 9-11-56. Specifically, the trial court found that Dr. Jacobs had based his conclusions on medical records not in evidence, and that there were no facts in the record or within the affiant's own personal knowledge upon which his statements could have been supported.

1. The rule to be applied in determining the sufficiency of the affidavit of appellant's expert is that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith . . . ." OCGA § 9-11-56 (e). As previously stated, all of the medical records and photographs referred to in appellant's expert's affidavit were unsworn and uncertified copies. It is clear that "if the affidavit was based solely upon the facts contained in the medical records that are not part of the record in this case, it would have no probative value in response to the motion for summary judgment." *Jones v. Rodzewicz*, 165 Ga. App. 635, 637 (302 SE2d 402) (1983).

However, appellant contends that Dr. Jacobs' affidavit also was based in part upon the appellee's affidavit, which is part of the record. In *Jones v. Rodzewicz*, supra at 637 (4), this court held that "[a]n affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, *pro-*

*vided that the affidavit clearly identifies the record matter upon which it is based.*" (Emphasis supplied.) In the case at bar, even assuming that appellee's affidavit does set forth some facts upon which Dr. Jacobs could have based his opinion concerning appellee's treatment of appellant, Dr. Jacobs' affidavit neither indicates that his opinion was based upon appellee's affidavit, nor makes mention of an examination of that affidavit. Thus, we conclude that "[t]o the extent that [appellant's] expert['s] affidavit is based on the medical records [or facts contained in appellee's affidavit], it lacks probative value in that the affidavit neither attaches medical records which are part of the record in this case nor does it 'clearly identify the record matter upon which it is based.'" *Hayes v. Murray*, 252 Ga. 529, 530-531 (314 SE2d 885) (1984). Compare *Jones v. Rodzewicz*, supra at 636, wherein plaintiff-appellee's affidavit provided that the affiant had "'thoroughly reviewed all medical records . . . *and* the affidavit of [appellee] . . . .'" (Emphasis supplied.)

Relying upon *Hayes v. Murray*, supra, appellant further asserts that summary judgment was erroneously granted because Dr. Jacobs' affidavit was based, in part, upon his personal knowledge, and the affidavit further stated the particulars in which Dr. Jacobs believed appellee had been negligent. In *Hayes*, the Supreme Court held that where, in the plaintiff's expert's affidavit, "the affiant also states that his opinions are based, at least in part, on his *personal knowledge of the facts of the case*, and the affiant goes on to state the particulars in which he believes the defendants were negligent," the affidavit is sufficient to raise a genuine issue of material fact and preclude the trial court's grant of summary judgment. (Emphasis supplied.) *Hayes v. Murray*, supra at 531. In the present case, however, while Dr. Jacobs' affidavit does delineate the particulars in which he believed appellee to have been negligent, the affiant does not state that his opinion was based "upon his *personal knowledge of the facts* of the case." Instead, Dr. Jacobs' affidavit merely states that the affidavit was based solely "upon his personal knowledge *derived from*" the named medical records. (Emphasis supplied.)

While our determination of the non-sufficiency of Dr. Jacob's affidavit is based upon what may appear to be a technical analysis of the language utilized in that affidavit, we find that such analysis is mandated by the requirements of OCGA § 9-11-56 (e). In *Hayes*, the affidavit was "based on [the affiant's] personal knowledge of the facts in this case *as well as* his review of the [unattached] medical records . . . ." (Emphasis supplied.) *Hayes v. Murray*, supra at 529. That fact, coupled with the affiant's statement of the particulars in which he believed the defendants to have been negligent, was sufficient to raise a genuine issue of material fact. Dr. Jacobs' affidavit differs from the expert's affidavit in *Hayes*, in that Dr. Jacobs does not state that

he has *any* "personal knowledge of the facts of the case" and in fact states that his knowledge concerning the case is confined to the uncertified medical records. While it is questionable whether an affidavit statement of a non-treating physician that he has "personal knowledge of the facts in this case" (*Hayes*) is, in reality, ever an assertion of substantially more "knowledge" than that he has derived from a personal review of the medical records, we are compelled to find that the affidavit in the instant case is not sufficient to create a question of material fact. See generally *Chandler v. Gately*, 119 Ga. App. 513 (167 SE2d 697) (1969). Compare *Hayes v. Murray*, supra. .

Based upon the foregoing, the trial court correctly ruled that the affidavit filed in opposition to appellee's motion for summary judgment was insufficient.

2. Appellant's final assertion is that the trial court erred in failing to allow Dr. Jacobs' affidavit to be supplemented. See OCGA § 9-11-56 (e). However, appellant never made a motion to supplement the affidavit. "Where no ruling is [invoked] in the trial court ordinarily there is no question for review by this court." *Ga. Southern & Fla. R. Co. v. Wilson*, 93 Ga. App. 94, 95 (2) (91 SE2d 71) (1955). See generally *Maggioni v. Postal Telegraph-Cable Co.*, 28 Ga. App. 51 (2) (110 SE 309) (1922); *Perry v. Watts*, 67 Ga. 602 (2) (1881).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 8, 1985 —
REHEARING DENIED FEBRUARY 25, 1985 —

*Thomas F. Jarriel*, for appellant.
*C. Ashley Royal*, for appellee.