## 70663. LANDERS v. GEORGIA BAPTIST MEDICAL CENTER et al.

### (333 SE2d 884)

BIRDSONG, Presiding Judge.

Herbert Landers, husband of the deceased, Helen Landers, appeals from summary judgment granted to four defendant doctors. Helen Landers was diabetic and in December 1981, experienced total failure of her kidneys. She was admitted to Georgia Baptist Hospital where it was decided that she would need permanent dialysis. A surgical procedure was performed to install a permanent arteriovenous shunt for hemodialysis in her left arm. On December 31, 1981, she was discharged to a doctor for follow-up hemodialysis. She was admitted to DeKalb General Hospital on January 7, 1982, and diagnosed as having an advanced case of gangrene in the arm on which the surgery had been performed. Her doctors at DeKalb General determined there was no alternative and amputated her left arm. The complaint alleges Mrs. Landers is deceased. No explanation appears in the record.

The four defendant doctors moved for summary judgment and in support thereof submitted their affidavits, as experts, that their surgery on, and treatment of, Mrs. Landers comported fully with the requisite degree of competent care and skill customarily and ordinarily employed by physicians generally. All affiants stated their qualifications as experts and recited facts within their personal knowledge. Each claimed to have exercised that degree of care and skill customarily and ordinarily employed by physicians and surgeons when treating a patient with the symptoms presented by Mrs. Landers.

In response to the defendant's motion for summary judgment, plaintiff presented the affidavit of his medical expert which was based on "the medical records of . . . Helen Frances Landers . . . and other pertinent documentation supplied by her attorneys. . . . [I]t [was his] professional opinion that defendants' care of plaintiff was not in keeping with good and accepted medical practice in Fulton County, Georgia."

The trial court found that plaintiff's expert's affidavit had no probative value, denied plaintiff's motion for a continuance, and granted summary judgment to the four defendant doctors. Plaintiff

brings this appeal. *Held*:

1. Plaintiff contends the affidavits of the defendant doctors "failed to pierce the pleadings contained in plaintiff"s complaint." The complaint alleged three bases for recovery: (1) the failure of the doctors to exercise a reasonable degree of care and skill; (2) a breach of a duty of care by releasing Mrs. Landers from the hospital and abandoning her with a serious infection in her arm; and (3) a breach of an implied warranty that defendants possessed the requisite skill to undertake treatment of Mrs. Landers and to treat her in a manner to avoid the injury she sustained.

The defendant doctors' affidavits stated their individual medical credentials, their expertise in their specific field of medicine, and their expert opinion that the surgery and their treatment of Mrs. Landers was in accordance with that degree of care and skill customarily and ordinarily employed by physicians generally. A physician is not an insurer or warrantor that the exercise of his professional expertise will effect the cure of a patient. *Hyles v. Cockrill*, 169 Ga. App. 132, 138 (312 SE2d 124). The law recognizes that medicine is an inexact science and the fact that treatment has resulted unfavorably does not raise a presumption of want of proper care, skill, or diligence. Id. pp. 133-134.

The law presumes that medical and surgical services were performed in an ordinarily skillful manner and the burden is on the one receiving the services to show a want of due care, skill, and diligence. *Shea v. Phillips*, 213 Ga. 269, 271 (98 SE2d 552). A defendant-doctor is competent to give his opinion as an expert in a medical malpractice action against him. *Parker v. Knight*, 245 Ga. 782 (3) (267 SE2d 222). Such expert testimony, the same as any other expert testimony on the same issue, can be sufficient to pierce the pleadings of the plaintiff-patient. *Payne v. Golden*, 245 Ga. 784 (267 SE2d 211).

"In a medical malpractice action, in which the defendant is held to the higher standard of care within the profession, a plaintiff, in order to resist a defendant's motion for summary judgment based on his affidavit that his services were performed with the requisite degree of skill and care, must produce a physician's, or qualifying expert's, affidavit stating that the defendant did not treat or care for the plaintiff with that degree of skill and care exercised in the medical profession generally." *Childs v. Christmas*, 171 Ga. App. 756, 758 (320 SE2d 629).

There is an exception to the general rule that expert testimony is usually required for a plaintiff-patient to overcome the presumption of proper performance and use of due care and skill of a defendant-doctor. This exception is known as the "pronounced results" of medical treatment which is so obviously negligent that jurors would recognize the negligence by reason of common knowledge and experience,

and expert medical testimony would not be necessary. *Shea v. Phillips*, supra, pp. 271-272. An example of possible negligence in medical treatment of a patient, not requiring expert medical testimony to refute a defendant-doctor's affidavit of use of due care and skill, is the puncturing of the patient's lung by the doctor using a syringe in a shoulder. See *Killingsworth v. Poon*, 167 Ga. App. 653, 655 (307 SE2d 123).

The allegations of negligence in the complaint, and expanded in the brief, are not such acts of negligence as would come within the "pronounced results" exception. *Terrell v. West Paces Ferry Hosp.*, 162 Ga. App. 783 (1) (292 SE2d 433); *Hughes v. Malone*, 146 Ga. App. 341, 345 (247 SE2d 107).

Hence, in order for the plaintiff to recover in a medical malpractice case wherein defendants have submitted their affidavits showing due care and treatment of the patient, plaintiff must produce opinion testimony of an expert witness in opposition to avoid summary judgment. *Howard v. Walker*, 242 Ga. 406, 407 (249 SE2d 45). If the plaintiff fails to produce a contrary expert opinion in opposition to the motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant. Id. p. 408.

Plaintiff's expert's affidavit is deficient in three particulars. First, the expert's opinion is based on Mrs. Landers' "medical records" and "other pertinent documentation supplied by her attorneys. . . ." "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." OCGA § 9-11-56 (e). Plaintiff failed to attach any copy of any paper referred to in the affidavit upon which the expert based his opinion. A court may not consider such affidavit when based solely upon documentation which is neither a part of the record nor attached to the affidavit. *Jones v. Rodzewicz*, 165 Ga. App. 635 (3) (302 SE2d 402). Secondly, the affidavit failed to "clearly identify the record matter upon which" the expert's opinion was based. *Hayes v. Murray*, 252 Ga. 529, 531 (314 SE2d 885). The affiant referred only to "other pertinent documentation supplied by" Mrs. Landers' attorneys. This "matter" is not further identified even though it may be a part of the record. Lastly, the standard of care used by plaintiff's expert was that which applied to doctors in "Fulton County, Georgia." "[T]he degree of care and skill ordinarily employed by the medical profession is that degree of care and skill ordinarily employed by the profession *generally* and not *locally*." *Sullivan v. Henry*, 160 Ga. App. 791, 800 (287 SE2d 652); *Fain v. Moore*, 155 Ga. App. 209 (270 SE2d 375). It is not error to strike such an affidavit from evidence. *Cronic v. Pyburn*, 170 Ga. App. 377 (1) (317 SE2d 246). We find that defendant's affidavits did pierce plaintiff's pleadings.

2. It is argued that the trial court abused its discretion by not permitting plaintiff's attorney "a short (one hour) continuance" to obtain and file "a copy of the medical records of the defendant hospital." It is clear that plaintiff's expert's affidavit contained three infirmities: (1) it was based on a local rather than a general standard for medical expertise; (2) the expert based his opinion, at least in part, on "other pertinent documentation supplied by [Mrs. Landers'] attorneys" other than "the medical records of . . . Helen Frances Landers . . ." without clearly identifying the matter upon which the opinion was based, and (3) the medical records of the defendant hospital were not attached. Hence, counsel's curative attempt was directed to only one of the faults, e.g., attaching sworn or certified copies of Mrs. Landers' medical records. But, even with that accomplished, the affidavit would not be admissible when couched in verbiage applying a local standard, and without clearly identifying the vague and nebulous "other pertinent documentation supplied by her attorneys."

Hence, as the grant of a continuance is within the sound discretion of the trial court (see OCGA § 9-10-157) for the purpose of amending an affidavit, and this rule applies to summary judgment proceedings (*Calcutta Apts. Assoc. v. Linden & Deutsch*, 131 Ga. App. 743 (1) (206 SE2d 559)), which may be denied absent a showing of due diligence by the applicant (OCGA § 9-10-166), we find no abuse of discretion by the trial court in the denial of the requested continuance. See *Parker v. Knight*, supra, p. 782; 2 Moore's Federal Practice 6-84, § 6.08.

3. The trial court followed applicable law in finding that the plaintiff's faulty affidavit had no probative value. *Crawford v. Phillips*, 173 Ga. App. 517, 518 (326 SE2d 593); *Childs v. Christmas*, supra, p. 758; *Hayes v. Murray*, supra, p. 530.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 15, 1985.

*Fred A. Gilbert, Leonard S. Luckett*, for appellant.
*Robert D. Roll*, for appellees.