70845. BUSH et al. v. LEGUM.
(336 SE2d 284)

CARLEY, Judge.

In this medical malpractice case, appellee-defendant moved for summary judgment based upon his own affidavit. Although appellants submitted an expert's affidavit in opposition to appellee's motion for summary judgment, the trial court held it to be insufficient as a matter of law. Specifically, the trial court found that the affidavit submitted by appellants was not based on personal knowledge, but rather on the affiant's review of medical records, sworn or certified copies of which were not attached to the affidavit nor previously made part of the record. Summary judgment was granted in favor of appellee and

appellants appeal.

1. The general rule to be applied in determining the sufficiency of the affidavit of appellants' expert is that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." OCGA § 9-11-56 (e). See *Jones v. Rodzewicz*, 165 Ga. App. 635, 636 (3) (302 SE2d 402) (1983). However, "[a]n affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, provided that the affidavit clearly identifies the record matter upon which it is based." *Jones v. Rodzewicz*, supra at 637. See also *Crawford v. Phillips*, 173 Ga. App. 517 (1) (326 SE2d 593) (1985). Moreover, when "the affiant also states that his opinions are based, at least in part, on his personal knowledge of the facts of the case, and the affiant goes on to state the particulars in which he believes the defendants were negligent," the affidavit is sufficient to raise a genuine issue of material fact and to preclude the grant of summary judgment. *Hayes v. Murray*, 252 Ga. 529, 531 (314 SE2d 885) (1984).

The physician's affidavit submitted by appellants in opposition to appellee's motion for summary judgment contained the affiant's statement that it was based on medical records and mammogram films of appellant Shirley Bush. It was the physician's opinion that appellee had not exercised the generally accepted degree of care and skill in the diagnostic medical profession "given the poor quality of the X-ray films taken together with the outdated technique used." Unsworn and uncertified copies of the records and films referred to in the affidavit were attached thereto.

Appellants first assert that, even if the affidavit lacks probative value, it does so only to the extent that it is based on the uncertified or unsworn medical records and X-ray films, and is nevertheless sufficient to raise a genuine issue of material fact as to whether the use of the radiological technique itself was negligent. Appellants contend that the affidavit properly placed before the court an expert professional opinion that the X-ray mammogram technique used by appellee was outmoded and no longer generally acceptable medical practice and that the affidavit shows that this opinion is based on personal knowledge. *Hayes v. Murray*, supra. Furthermore, they also contend that evidence of the specific radiological technique used is otherwise of record. Even if it were true that appellants' expert opinion about the mammogram technique itself was based on personal knowledge or was otherwise a matter of record, nowhere does the affidavit state an opinion that the mere employment of the radiological technique used by appellee was negligent. Rather, it states that the use of the outdated technique *combined with* reliance on poor quality films breached the standard of care. The physician's opinion of negligence is thus necessarily based on the films.

Appellants next contend that X-ray films are not "papers" within OCGA § 9-11-56 (e), and that it was therefore unnecessary under *Jones v. Rodzewicz*, supra, that they be attached to the affidavit in sworn or certified form or otherwise. The certification requirement is not restricted literally to paper only. In *Jones v. Rodzewicz*, supra at 636, this court held that under OCGA § 9-11-56 (e), "the affidavit of a physician setting forth an opinion based upon hearsay in the form of medical records *or other material* must attach '(s)worn or certified copies of all papers or parts thereof referred to in (the) affidavit.' [Cit.]" (Emphasis supplied.) The materials involved in *Crawford v. Phillips*, supra, were medical records and photographs, which were held to fall within the certification requirement. The X-ray films relied on by the physician-affiant in the instant case were likewise "medical records or other material" requiring certification.

Appellants also urge that the affidavit is sufficient because it relies in part upon facts proved elsewhere in the record or upon personal knowledge and only in part upon hearsay. However, the affiant nowhere professed to have personal knowledge of the facts of the case, nor does his affidavit purport to be based on any other clearly identified record material. On the contrary, the affiant stated only that he based his opinion on medical records and mammogram films. No sworn or certified copies of the medical records or mammogram films were attached to the affidavit, nor do they appear elsewhere in the record.

Appellants further contend that the medical records and photocopies of X-ray films attached to the expert's affidavit also constituted discovery materials responsive to appellee's interrogatories and although unsworn and uncertified, were thus a proper matter of record before the court. In response to the trial court's order that appellants file answers to appellee's interrogatories, the parties entered into a consent order which acknowledged that the further discovery materials sought had been provided by way of appellants' response to appellee's motion for summary judgment. It is true, as noted previously, that an affidavit is sufficient if the material upon which it purports to be based "is part of the record in the case and is before the trial court, provided that the affidavit clearly identifies the record matter upon which it is based." *Jones v. Rodzewicz*, supra. See also *Crawford v. Phillips*, supra at 517-518. The consent order, however, is not sufficiently specific so as to indicate that the attachments to appellants' expert's affidavit are responsive to any of appellee's interrogatories and therefore are otherwise "of record" in the instant case as discovery material. The order does not state that the entirety of appellants' response to the motion for summary judgment is also responsive to appellee's interrogatories, nor does it specify those parts of appellants' response to which it refers. The affidavit does not,

therefore, clearly indicate that it is based on matter which is otherwise of record in the case.

Based upon the foregoing, the trial court correctly ruled that the affidavit filed by appellants in opposition to appellee's motion was insufficient.

2. Fulton County Superior Court Local Rule 21 (e) provides that *"[w]ith* any Motion for Summary Judgment, movant shall serve and file a short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. . . ." (Emphasis supplied.) This rule, according to appellants, requires service and filing of the statement *separately* from the motion for summary judgment. Appellants' construction is not mandated by the language of the rule. On the first page of appellee's motion, as it was originally served and filed, the second paragraph contains a statement of "the undisputed facts in this case" according to appellee. This statement, as a part of the motion itself, sufficiently complies with Rule 21 (e).

On the day prior to the scheduled hearing date, appellee filed an "Amendment to Defendant's Motion for Summary Judgment." This amendment merely repeated the "undisputed facts" contained in the second paragraph of the original motion. OCGA § 9-11-56 (c) provides that "[t]he motion shall be served at least 30 days before the time fixed for the hearing." However, because no new material was filed as the result of appellee's amendment, appellants could not have been prejudiced thereby. Thus, it was not error for the trial court to refuse to postpone the hearing for 30 days. See *Cel-Ko Builders & Developers v. BX Corp.*, 136 Ga. App. 777, 779 (222 SE2d 94) (1975).

3. Appellants' final enumeration of error is that appellee's affidavit supporting his motion for summary judgment is insufficient. The asserted deficiency is that it was based upon appellee's "impression" rather than "opinion." However, we need not decide whether there is a significant semantical distinction between the words. Appellee's affidavit not only states his "impression" of appellant Mrs. Bush's malady, but also his "opinion" that at all times, he exercised the appropriate degree of care and skill with respect to her diagnosis.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1985 —
REHEARING DENIED OCTOBER 11, 1985 — 

*Irwin W. Stolz, Jr., Seaton D. Purdom, L. Jack Swertfeger, Jr.,* for appellants.

*Sidney F. Wheeler, Robert D. Roll*, for appellee.