### 71005. TYSINGER v. SMISSON.
(337 SE2d 49)

BANKE, Chief Judge.

The appellant filed this wrongful death action against the Medical Center of Georgia and doctors Hugh K. Sealy and Hugh F. Smisson, Jr., to recover for their alleged negligence in providing medical care and treatment to his deceased wife. Specifically, the appellant alleges that while his wife was in the defendants' care, she "was improperly and negligently administered a form of the drug pennicillan (sic) . . . despite the fact that defendants knew or should have known that [she] was allergic to that form of drug." He further alleges that the administration of this drug both contributed to his wife's death and caused her to suffer severe pain and suffering prior to her death. This appeal is from the grant of Dr. Smisson's motion for summary judgment. The case remains pending against the other defendants.

Dr. Smisson supported his motion for summary judgment with his own affidavit to the effect that he was a specialist in neurosurgery; that he had treated the decedent surgically for a brain hemorrhage; that during the postoperative period she developed a pulmonary problem; that Dr. Sealy, an internist, was called in at that time for consultation with respect to this problem; and that it was Dr. Sealy who ordered the antibiotic which caused the decedent's allergic reaction. Dr. Smisson further averred that with respect to his treatment of the decedent he had at all times exercised "that degree of skill, diligence and care which is employed by the medical profession generally under similar conditions and like circumstances."

The record also contains an affidavit by Dr. Sealy, in which he admits having ordered the administration of the drug in question to the decedent but states that the decedent's medical chart, which evidently contained a synopsis of her entire medical record on file at the Medical Center, had not revealed the existence of any drug allergies. Dr. Sealy averred that upon subsequent examination of the decedent's entire medical record, he had found some entries which disclosed her allergy to penicillin but other entries specifying that she had no known allergies. He maintained that he had no reason to distrust the accuracy of the information contained in the chart and "no

reason to inquire further." Both Dr. Sealy and Dr. Smisson averred that the allergic reaction experienced by the decedent had not caused or in any way contributed to her death.

In response to Dr. Smisson's motion for summary judgment, the appellant amended his complaint to allege that Dr. Smisson was further negligent in failing to inform Dr. Sealy of the decedent's allergy to penicillin and in failing to monitor the decedent's condition adequately after the drug was administered to her. He also submitted the affidavit of a physician, Dr. Lake, to the effect that "most doctors who are treating a patient would inform any other doctor with whom a consultation was made for treatment of the patient, of any drug allergies . . . particularly . . . with reference to any allergy to penicillin." Dr. Lake further averred in his affidavit that, in his opinion, "the failure to exercise the care that most doctors would have exercised in the treatment of [the decedent] caused [her] to experience unnecessary pain and suffering and, at least, was a contributing factor in [her] death. . . ." *Held*:

Dr. Lake's affidavit is sufficient to create a material issue of fact with respect to whether Dr. Smisson was guilty of negligence in failing to inform Dr. Sealy of the decedent's known allergy to penicillin during the course of their consultation regarding her pulmonary infection. It follows that the trial court erred in granting Dr. Smisson's motion for summary judgment.

We reject the appellee's argument that Dr. Lake's affidavit was defective in that it was couched in terms of what "most doctors in the exercise of that care exercised by the medical profession in general" would have done, rather than in terms of the degree of skill and care which, under similar conditions and like surrounding circumstances is ordinarily employed by the profession generally. See *Hayes v. Brown*, 108 Ga. App. 360, 363 (133 SE2d 102) (1963). The failure of a medical expert to use "magic words" in accusing a colleague of negligence in a medical malpractice case will not deprive his opinion of all efficacy where it is clear that the witness is of the opinion that the colleague failed to exercise due care in treating the patient. See *Jackson v. Gershon*, 251 Ga. 577, 579 (308 SE2d 164) (1983). Dr. Lake's affidavit certainly meets that standard.

We likewise reject the appellee's contention that the affidavit was without evidentiary value due to the appellant's failure to attach to it a copy of the complete medical record on which Dr. Lake relied, given the fact that a complete copy of the medical record was otherwise included in the record before the trial court. See *Hughey v. Emory Univ.*, 168 Ga. App. 239 (308 SE2d 558) (1983). Finally, we reject the appellee's contention that he must be deemed to have acted reasonably as a matter of law in relying on the medical chart to inform Dr. Sealy of the decedent's allergy. In support of this contention, the ap-

pellee relies on the following holding from *Su v. Perkins*, 133 Ga. App. 474, 481 (211 SE2d 421) (1974): " ' "Where no unusual features are involved which call for an exercise of medical skill or experience, *a doctor may reasonably take for granted that the experienced nurses on the staff of a modern hospital will attend to their ordinary and customary duties without detailed instructions.*" ' " (Emphasis in original.) We find this principle to be inapposite to the present case in that the appellee is not sought to be held liable for an injury inflicted by a nurse in administering routine treatment. Rather, he is sought to be held liable for his own alleged negligence in failing to advise Dr. Sealy of his patient's known allergy to penicillin during the course of their consultation regarding the patient's need for antibiotics to combat a pulmonary infection. Under the circumstances, it cannot be said that the appellee acted reasonably as a matter of law in relying on the patient's chart to convey this important information.

*Judgment reversed. Sognier and Benham, JJ., concur. McMurray, P. J., disqualified.*

DECIDED OCTOBER 16, 1985 —
REHEARING DENIED OCTOBER 29, 1985 —

*Charles R. Reddick, Berrien L. Sutton*, for appellant.
*Mallory C. Atkinson, Jr., Robert A. B. Reichert*, for appellee.