73713. HIVELY et al. v. DAVIS.
(353 SE2d 622)

BANKE, Presiding Judge.

The plaintiffs, Mr. and Mrs. Hively, appeal from a grant of summary judgment to the defendant, Dr. Davis, in a medical malpractice action.

The Hivelys allege in their complaint that Dr. Davis, a specialist in ophthalmology, negligently performed surgery on Mrs. Hively on three separate occasions in 1983 in an unsuccessful effort to open a blocked tear duct, following which Mrs. Hively secured the services of another physician who successfully performed the surgical procedure in question. Dr. Davis moved for summary judgment on the basis of his own affidavit conceding that he had performed the alleged surgery and that it had been unsuccessful but averring that such failure is a known risk of the procedure (referred to as a dacrocystorhinostomy), which can and does occur in the absence of negligence, and further averring that throughout his care and treatment of Mrs. Hively he had "possessed and exercised that degree of care and skill exercised by the medical profession generally under similar conditions and like surrounding circumstances."

The plaintiffs responded with the affidavit of Dr. Putnam, also a specialist in ophthalmology. Dr. Putnam averred that he had performed a successful dacrocystorhinostomy on Mrs. Hively on March 1, 1984, during the course of which he had "encountered a previous rhinostomy site, which was noted to be posterior and inferior to the usual location," and had further observed "a scar on Mrs. Hively's face from the previous surgery" which, in his opinion, was "unnecessary to the surgery [and] without any validity or surgical purpose for the correction of her tearing problem." Based on an examination of the "medical records and history obtained," Dr. Putnam characterized the previous surgery performed by Dr. Davis as not being "in accordance with my training in this procedure." Finally, based in part on his own observations and in part on his inability to find any indication in the medical records that Dr. Davis had special training in lacrimal surgery or had consulted with other physicians who did have such training, Dr. Putnam concluded that Dr. Davis had failed "to bring to the practice of ophthalmology that degree of care and skill normally possessed by ophthalmologists generally."

None of the medical records referred to by Dr. Putnam in his affidavit were attached thereto, nor were any such records otherwise made a part of the record. The trial court granted summary judgment

to Dr. Davis based on a determination that Dr. Putnam's affidavit was insufficient to create a genuine issue of material fact. *Held*:

"The general rule to be applied in determining the sufficiency of the affidavit of appellants' expert is that '[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.' OCGA § 9-11-56 (e). See *Jones v. Rodzewicz*, 165 Ga. App. 635, 636 (3) (302 SE2d 402) (1983). However, '[a]n affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, provided that the affidavit clearly identifies the record matter upon which it is based.' *Jones v. Rodzewicz*, supra at 637. See also *Crawford v. Phillips*, 173 Ga. App. 517 (1) (326 SE2d 593) (1985). Moreover, when 'the affiant also states that his opinions are based, at least in part, on his personal knowledge of the facts of the case, and the affiant goes on to state the particulars in which he believes the defendants were negligent,' the affidavit is sufficient to raise a genuine issue of material fact and to preclude the grant of summary judgment. *Hayes v. Murray*, 252 Ga. 529, 531 (314 SE2d 885) (1984)." *Bush v. Legum*, 176 Ga. App. 395, 396 (1) (336 SE2d 284) (1985).

We agree with the trial court that those portions of Dr. Putnam's affidavit which were based on a review of the medical records were insufficient to create a material factual conflict with respect to whether Dr. Davis had exercised due care in treating Mrs. Hively. However, it is clear that Dr. Putnam did not base his opinion in this regard merely on a review of the medical records but relied also on his own observations made during the course of his examination and treatment of Mrs. Hively. Specifically, he averred that while performing the successful dacrocystorhinostomy he had observed evidence of prior surgical incisions which were, in his opinion, unnecessary and "without any validity or surgical purpose for the correction of her tearing problem." We hold that this averment, which was clearly based on his own personal observations, constituted in and of itself a sufficient statement of the particulars in which he believed Dr. Davis had been negligent to withstand the motion for summary judgment. Accord *Hayes v. Murray*, supra. The absence of a specific averment by Dr. Putnam that Dr. Davis had failed to exercise that generally accepted degree of care and skill exercised by the medical profession generally under similar conditions and like circumstances was not fatal to the affidavit. "The failure of a medical expert to use 'magic words' in accusing a colleague of negligence in a medical malpractice case will not deprive his opinion of all efficacy where it is clear that the witness is of the opinion that the colleague failed to exercise due care in treating the patient." *Tysinger v. Smisson*, 176 Ga. App. 604, 605 (337 SE2d 49)(1983). See also *Jackson v. Gershon*, 251 Ga. 577, 579 (308 SE2d 164) (1981).

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED FEBRUARY 10, 1987.

D. Nicholas Winn, Donald B. Howe, Jr., for appellants.
Philip C. Henry, Lawrie E. Demorest, for appellee.