A93A2098. PAULIN et al. v. OKEHI et al.
(440 SE2d 486)

JOHNSON, Judge.

Gwendolyn and Robert Paulin filed this medical malpractice suit against Dr. Obi Okehi and his professional corporation based on Okehi's alleged failure to diagnose Gwendolyn Paulin's tubal pregnancy. Okehi filed a motion for summary judgment along with his own affidavit which stated that he exercised the skill and care required of physicians. In response, the Paulins submitted the affidavit of Dr. William Maxfield who concluded that Okehi acted outside the standard of care exercised by physicians. The trial court granted Dr. Okehi's motion for summary judgment on the basis that Maxfield's affidavit was insufficient in that it was based on unsworn and uncertified medical records and that Maxfield had no personal knowledge of the facts of the case.

The Paulins appeal, contending that the trial court erred in ruling that their expert's affidavit was insufficient.

"In an action for medical malpractice the affidavit of the defendant stating that her care met the appropriate standard of care entitles the defendant to summary judgment if that opinion is not countered by the opinion of another expert." *Augustine v. Frame*, 206 Ga. App. 348, 350 (1) (425 SE2d 296) (1992). "OCGA § 9-11-56 (e) requires sworn or certified copies of all documents referred to in an affidavit to be attached to the affidavit. An expert affidavit is insufficient to oppose a motion for summary judgment if the documents on which the affiant relies in forming his opinions are not certified or sworn, even if unsworn copies are attached to the affidavit." *Johnson v. Srivastava*, 199 Ga. App. 696, 697 (1) (405 SE2d 725) (1991). Maxfield states in his affidavit that his opinion is based on his own personal knowledge and a review of Gwendolyn Paulin's medical records. The copies of the medical records referred to in Maxfield's affidavit are unsworn and uncertified. If Maxfield's affidavit was based solely upon the facts contained in the medical records, it has no probative value in response to the motion for summary judgment.

The Paulins, however, argue that Maxfield's affidavit is sufficient because it states that it is based upon his personal knowledge. Where the expert states in his affidavit that " 'his opinions are based, at least in part, on his *personal knowledge of the facts of the case*, and the affiant goes on to state the particulars in which he believes the defendants were negligent,' the affidavit is sufficient to raise a genuine issue of material fact. . . ." (Emphasis in original.) (Citation and punctuation omitted.) *Crawford v. Phillips*, 173 Ga. App. 517, 518 (1) (326 SE2d 593) (1985). In *Crawford*, the affiant stated that the affidavit was based solely upon personal knowledge *derived from* medical records. In that case we held that because the affiant did not state that his opinion was based upon "his *personal knowledge of the facts of the case*," the affidavit was not sufficient. (Emphasis in original.) (Punctuation omitted.) Id. at 518. Compare *Hively v. Davis*, 181 Ga. App. 733 (353 SE2d 622) (1987) (affidavit sufficient where affiant stated that he had *personal knowledge of the facts of the case* and his opinion was based not only upon the unsworn medical records but also upon his own examination and treatment of the plaintiff); *Hayes v. Murray*, 252 Ga. 529 (314 SE2d 885) (1984) (affidavit "based on the affiant's *personal knowledge of the facts in the case as well as* his review of the unattached medical records" was sufficient).

As was the case in *Crawford*, the affiant in this case does not state that he has any personal knowledge *of the facts of the case*. In fact, it is clear from his affidavit that Maxfield's opinion is derived solely from his review of the unsworn, uncertified medical records. Accordingly, the affidavit in this case was not sufficient to create an issue of material fact. *Crawford*, supra at 518-519. "While our determination of the non-sufficiency of [Maxfield's] affidavit is based upon

what may appear to be a technical analysis of the language utilized in that affidavit, we find that such analysis is mandated by the requirements of OCGA § 9-11-56 (e)." *Crawford*, supra at 518.

Finally, the Paulins contend that Maxfield's opinion should be considered because it is not only supported by the medical records but also by the facts admitted by Okehi. They contend that Okehi's admissions provide a sufficient factual basis for the opinions offered by the expert, and that therefore a material issue of fact is presented. We have examined the record and do not agree that Okehi made any admissions which support Maxfield's opinion. The trial court therefore properly granted Okehi's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 18, 1994 —
RECONSIDERATION DENIED JANUARY 27, 1994 — ▮▮▮▮▮▮▮▮▮

*Sutton & Associates, Berrien L. Sutton, Hallman & Stewart, Ronald W. Hallman*, for appellants.

*Knight & Fisher, Joy H. Fisher*, for appellees.